**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
 ---------------------------------------------------------------- x
WEN LIN LIU,
*on behalf of himself and others similarly situated,*
                                        Plaintiff,


                        v.                                    Case No. **24-cv-01436**


SWEET BASIL FAIRFIELD LLC
          d/b/a Sweet Basil Sushi & Pan Asian
          Cuisine,
CHUN YIU KWOK
          a/k/a Skye Kwok,
VINCENT WENG,
SHENGLIANG WENG, and
MEI WENG
          a/k/a A Mei Weng,
                                Defendants.
 --------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

**(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**
**(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND**
**(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**


TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel:    (718) 762-1324

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................... iii

PRELIMINARY STATEMENT ...........................................................................1

BACKGROUND ...............................................................................................2

ARGUMENT ...................................................................................................3

I.    CONDITIONAL CERTIFICATION IS APPROPRIATE ...........................................3

A.    The FLSA's Opt-In Requirement and the Need for Expedited Notice................3

B.    The Two Phase Certification Process for FLSA Collective Actions. ...................4

C.    Plaintiff have made the Required Showing that they are similarly-situated to the members of the FLSA Collective ..................................................................8

D.    Expedited Notice and Disclosure of Contact Information Is Necessary ...........11

E.    Expedited Notice and Disclosure of Contact Information Is Necessary ...........12

F.    Court-Authorized Notice is Routinely Authorized by Court in this District .........14

G.    The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form ................................................................................17

H.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiff ...................................................................................................25

CONCLUSION.................................................................................................26

ii

## **TABLE OF AUTHORITIES**

**CASES**

*Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS
    19103, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ................................................... 22

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) .................... 8

*Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010) .................................... 5, 7

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985
    (S.D.N.Y. July 13, 2015) ........................................................................................... 9

*Bittencourt v. Ferrara Bakery & Café, Inc.,* 310 F.R.D. 106 (S.D.N.Y. 2015) ..................... 22

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) ................................ 9

*Brock v. Superior Care, Inc.,* 840 F .2d 1054 (2d Cir.1988) ................................................. 23

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975
    (E.D.N.Y. Mar. 30, 2018) .................................................................................... 21, 25

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sep. 19, 2013) . 21

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ 2295 (GEL), 2007 WL 2873929 (S.D.N.Y.
    2007) ......................................................................................................................... 8

*Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730 (S.D.N.Y. Nov. 12, 2015) ... 22

*Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12
    (S.D.N.Y. Oct 23, 2008) ........................................................................................... 14

*Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL
    5261037 (E.D.N.Y. Dec. 1, 2010) (same) ............................................................... 22

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ..................... 23

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317 (S.D.N.Y.2007) ....................... 24

*Gao v. Umi Sushi Inc. et al.*, No. 18cv06439 (ALC)(SN) (S.D.N.Y. Mar. 21, 2019)............ 18

*Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7
  (S.D.N.Y. Sept. 15, 2014) ..................................................................................... 13

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS
  22745, at *1 (S.D.N.Y. Feb. 5, 2019) .......................................................... 18, 21, 24

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008). 8

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) .................................. 21

*Hendricks v. J.P. Morgan Chase Bank, N.A.,* 263 F.R.D. 78, 82 (D. Conn. 2009) ........ 4, 6, 7

*Hernandez v. Immortal Rise, Inc.*, 11-cv-4360, 2012 WL 4369746 (E.D.N.Y. Sept. 24,
  2012) ................................................................................................................. 9

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)............................................. 4

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ......................... 23

*In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688 (S.D.N.Y. Jan. 11 2010)
  ......................................................................................................................... 22

In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255
  (S.D.N.Y. Oct. 27, 2010) .................................................................................... 13

*Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015)
  ..................................................................................................................... 21, 24

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist.
  LEXIS 127895 (S.D.N.Y. July 25, 2019) ......................................................... 18, 24

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No.* 12cv265 (PAE), 2012 WL
  1981507 (S.D.N.Y. Jun. 1, 2012) ......................................................................... 17

iv

*Khamsiri v. George & Frank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL
1981507 (S.D.N.Y. June 1, 2012) ......................................................................... 9

*Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL) (E.D.N.Y. July
1, 2019) ..................................................................................... 9, 13, 20, 24

*Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL) (S.D.N.Y. July
1, 2019) ...................................................................................................... 20

Lassen v. Hoyt Livery Inc., 2014 WL 4638860 ..................................................... 6, 8

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) .............................. 25

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007) ............. 5

Marcus v. Am. Contract Bridge League, 254 F.R.D. 44, 47 (D. Conn. 2008) ................... 5, 7

*Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014
WL 5557489, (S.D.N.Y. Nov. 3, 2014) .............................................................. 19

*Martin v. Sprint/United Mgmt.* Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y.
Jan. 4, 2016) ................................................................................................ 13

*Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010) .................................... 4, 5, 8

*Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 618 (D. Conn. 2007) ..... 5, 6, 7

*Perkins v. S. New Eng. Tel. Co.*, 669 F. Supp. 2d 212, 217 (D. Conn. 2009) ...................... 5

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950
(S.D.N.Y. Apr. 1, 2015) ................................................................................... 8

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar
10, 2016) ................................................................................................... 14

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909
(S.D.N.Y. Jan. 10, 2013) ................................................................................... 9

*Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909 (S.D.N.Y.

    Jan. 10, 2013) ......................................................................................................... 11

*Shanggang Feng v. Kelai Jef Corp,, No.* 18 Civ. 12329 (GBD), 2019 BL 465018 (S.D.N.Y.

    Nov. 26, 2019) ....................................................................................................... 19

*Shuzhen Cao v. 155 S.G.S. Corp*, No. 18cv10338 (ALC)(KNF) (S.D.N.Y. Nov. 04, 2019)

    .............................................................................................................................. 18

Tomkins v. Amedisys, Inc., 2014 WL 129407, *2-3 (D. Conn. Jan. 13, 2014) .................. 6, 7

*Varghese v. JP Morgan Chase & Co.*, 2016 U.S. Dist. LEXIS 122428. at 26 (S.D.N.Y.

    Sep. 8, 2016) ......................................................................................................... 19

*Yuan v. & Hair Lounge et al.*, 18cv11905 (AT)(BCM) (S.D.N.Y. Nov. 7, 2019) .................. 22

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404 (E.D.N.Y. Feb. 26,

    2016) ....................................................................................................................... 9

*Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014

    WL 2111693 (S.D.N.Y. May 12, 2014) ................................................................. 22

## STATUTES

29 U.S.C. § 216(b) ........................................................................................................... 3, 17

29 U.S.C. § 255(a) ......................................................................................................... 13, 23

## RULES

Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law*

    *Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008) ..... 21

Plaintiff WEN LIN LIU and respectfully submits this memorandum of law in support of her motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Chinese, and Spanish languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiff WEN LIN LIU (collectively "Plaintiff") has alleged wage violations perpetrated against a period of years at a restaurant, SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine. The restaurant is owned and operated by CHUN YIU KWOK a/k/a Skye Kwok, VINCENT WENG, SHENGLIANG WENG, and MEI WENG a/k/a A Mei Weng. Sweet Basil prides itself as focused on providing excellent food with great service, and for serving some of the best sushi and pan Asian cuisine. Notwithstanding the restaurant's reputation, Plaintiff alleges that it is Defendants widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. The Defendants' unlawful practice is fully demonstrated by Plaintiff' affidavits, which show that, regardless of their job titles, all workers (including Plaintiff, sushi chefs XIAO YANG and CARLTON, chef ZHEN B. GUO, Oil Wok MARBIN, fry woks XIAO LIN, DA LIN, and CINDY, waitstaff ERIC ZHENG, VINY, and ANNI WENG, deliveryman GOUA, busboy MENUL, appetizer LINO, dishwasher NAME UNKNOWN, FEMALE, and packer ZHEN JIE), are consistently not paid with the overtime wages of at least one and a half (1.5x) times the regular pay at which the hours they worked in excess of forty (40) hours in a single work week. As such, Plaintiff

is able to establish the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad remedial measures of the law.

## BACKGROUND

On September 8, 2024, Plaintiff filed the Complaint, asserting causes of actions for wage violations under the FLSA and CMWA. *See* Docket Entry ("D.E.") [1]. Owner/Operator Defendants CHUN YIU KWOK a/k/a Skye Kwok, VINCENT WENG , SHENGLIANG WENG , and MEI WENG a/k/a A Mei Weng owned and controlled the operations of SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine,. *Id.* ¶¶ 19-55. As alleged in the Complaint, Plaintiff WEN LIN LIU worked as a sushi chef for Defendants, located at 284 Black Rock Turnpike, Fairfield, CT 06825. *See* Complt. ¶ 56; Liu Aff. ¶ 2. At all relevant times, Sweet Basil employed around nineteen (19) employees on Saturdays and around twelve (12) employees working Sundays through Thursdays at any one time. *See* Liu Aff. ¶ 30.

During LIU's employment with the Defendants, he worked side by side and befriended other employees at Sweet Basil who also worked similarly long work hours without a commensurate payment of at least overtime at the one and one-half (1.5x) rate for each hour worked in excess of forty (40) hours per workweek, or the minimum wage rate for each hour they actually worked pursuant to CMWA. *See* Liu's Aff. ¶¶ 29-33.. Regardless of their job titles and position and irrespective of the number of hours they actually worked, Plaintiff and his coworkers were always paid at flat rates without any overtime premiums for the hours they worked in excessive of forty (40) hours in a single workweek. These included the sushi chefs XIAO YANG and CARLTON (*see i.d.* ¶¶ 40, 47), fry woks XIAO LIN, DA LIN and CINDY (*see i.d.* ¶¶ 70, 78, 86), waiters ERIC ZHENG and ANNIE WENG (*see i.d.* ¶ 94, 106), busboy MENUL (*see i.d.* ¶ 119), who were each

paid a weekly, monthly, or daily rate without any regard to the fact that the predominant majority of Sweet Basil employees worked over forty (40) hours each week.

Therefore, Plaintiff can establish through a detailed description of their coworkers' job responsibilities, schedule and pay, and that of their coworkers, that Defendants failed to compensate Sweet Basil employees overtime premiums even those weeks they worked more than forty (40) hours per week, and wages beyond regularly scheduled hours.

## ARGUMENT

### I.    CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.    The FLSA's Opt-In Requirement and the Need for Expedited Notice

The FLSA states in relevant part that:

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.* Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statute of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiff' claims be tolled"); *Mendoza*, 2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon

as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. To provide those individuals with an opportunity to opt in, "district courts have the discretionary power to authorize the sending of notice to potential class members." *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78, 82 (D. Conn. 2009); *see also Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010). Notice is intended to issue early in the life of a collective action in order to establish the contours of the action and to further the broad remedial purpose of the FLSA. The Supreme Court has affirmed the importance of potential opt-in plaintiff receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The Court observed that a collective action authorized by Section 216(b) "allows.. plaintiff the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

## B. The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail). **First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiff are "similarly-situated"

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

to the potential members of the FLSA collective. *Myers*, 624 F.3d at 554; *see also Perkins v. S. New Eng. Tel. Co.*, 669 F. Supp. 2d 212, 217 (D. Conn. 2009). To do so, the named plaintiff need only make a very "modest factual showing" that they and potential opt-in plaintiff "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiff must make a modest factual showing that they and potential opt-in plaintiff together were victims of a common policy or plan that violated the law."). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice stage." *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F. Supp. at 261).

    The standard for obtaining notice under § 216(b) is very lenient. At the conditional certification stage, a "class representative has only a minimal burden to show that he is similarly situated to the potential class, which requires a modest factual showing sufficient to demonstrate that they and the potential class members together were victims of a common policy or plan that violated the law." *Marcus v. Am. Contract Bridge League*, 254 F.R.D. 44, 47 (D. Conn. 2008), quoting Neary, 517 F. Supp. 2d at 618 (internal quotations omitted); see also Myers, 624 F.3d at 554-55.  Indeed, at the "conditional certification stage, 'the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations."  *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010), quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007).  Although some individual differences are inevitable in every case, "[a] collective action should be certified if, on balance, the differences among the

plaintiff do not outweigh the similarities in the practices to which they claim to have been subjected." Hendricks, 263 F.R.D. at 83.

Plaintiff need only show that the workers they seek to notify are similarly situated with respect to a policy or practice that is common to the class and unlawful. *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 618 (D. Conn. 2007). Unlike under Rule 23, they need not prove that common questions will predominate, that a class action is superior, or that their claim is typical. Rather, they need only identify a common factual nexus between their situation and that of the individuals they seek to notify. Under this standard, courts have routinely granted notice to employees who fall under the same job category and, as part of that job category, are classified as exempt from overtime. Indeed, in recent years alone, courts in the District of Connecticut and in the Second Circuit routinely order notice under such circumstances. *See, e.g.,* Lassen v. Hoyt Livery Inc., 2014 WL 4638860, *13 (D. Conn. Sept. 17, 2014) (ordering notice where "[i]t [was] undisputed that all [putative class members] had the same job duties and were subject to the same allegedly unlawful compensation policies" that failed to provide overtime pay); Tomkins v. Amedisys, Inc., 2014 WL 129407, *2-3 (D. Conn. Jan. 13, 2014) (ordering notice where "[putative class members] have substantially similar job requirements and pay provisions that require them to perform work over 40 hours per week for the benefit of [defendant] without proper compensation").

**Second**, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiff who have opted-in are in fact "similarly-situated" to the named plaintiff. *Myers*, 624 F.3d at 555; *Fonseca*,

6

2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiff who have opted in are in fact 'similarly situated' to the named plaintiff."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id.* This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiff brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at *5.

At the conditional certification stage, a "class representative has only a minimal burden to show that he is similarly situated to the potential class, which requires a modest factual showing sufficient to demonstrate that they and the potential class members together were victims of a common policy or plan that violated the law." *Marcus v. Am. Contract Bridge League*, 254 F.R.D. 44, 47 (D. Conn. 2008), quoting Neary, 517 F. Supp. 2d at 618 (internal quotations omitted). "This lenient standard applies even where plaintiff assert a nationwide class." Tomkins, 2014 WL 129407, *2 (internal citation omitted). Indeed, at the "conditional certification stage, 'the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'" *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 180 (D. Conn. 2010), quoting Lynch v. United Servs. Auto. Ass'n, 491 Supp. 2d 357, 368-69 (S.D.N.Y. 2007). Although some individual differences are inevitable in every case, "[a] collective action should be certified if, on balance, the differences among the plaintiff do not outweigh the similarities in the practices to which they claim to have been subjected." *Hendricks*, 263 F.R.D. at 83 (internal quotations omitted). Employers often offer a litany of arguments in an effort to

complicate the lenient standard for conditional certification.  Courts have rightly rejected those arguments as misplaced or premature. *See Lassen v. Hoyt Livery Inc.*, 2014 WL 4638860, at *4 (D. Conn. 2014) ("At the conditional certification stage, the Court does not weigh evidence or resolve factual disputes and, consequently, affidavits calling into some question plaintiff's factual claims are not controlling.").

### C. Plaintiff have made the Required Showing that they are similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in plaintiff "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiff with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiff may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiff, and potential opt-in plaintiff are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

8

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL), at *6 (E.D.N.Y. July 1, 2019) (based on the affidavit of one Plaintiff, certifying a class of "all current and former non-exempt, non-managerial employees who worked for the defendants" for three years from the filing of the complaint "to the present day."); *Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Frank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit). Indeed, no case has "ever explicitly required plaintiff to identify similarly situated employees by name to obtain conditional certification." *Hernandez v. Immortal Rise, Inc.*, 11-cv-4360, 2012 WL 4369746, at *4 (E.D.N.Y. Sept. 24, 2012)

Here, Plaintiff can make a substantial showing that he and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA: Plaintiff WEN LIN LIU were employed by Defendants during applicable FLSA statutory period and were subjected to Defendants' common policy of

not paying at least the one and one half (1.5x) rate the equivalent hourly rate or the minimum wage, whichever is higher, for each hour worked in excess of forty (40) in a workweek. Liu Aff. ¶¶ 5-12. In particular, Plaintiff LIU was regularly scheduled for six (6) days a week and worked between five (5) and seven (7) with an average of sixty eight (68) hours per week from November 27, 2023 through June 16, 2024. *See i.d.* ¶¶ 8-9. No matter what actual times he worked every day, Plaintiff LIU was paid a a weekly compensation of One Thousand Two Hundred Dollars ($1,200) regardless of how many days (and thus how many hours he worked). *See i.d.* ¶ 13.

The experience of LIU was not unique; rather the manner in which Plaintiff's coworkers were compensated was and remains standard operating procedure with regard to other employees, whether front of the house or back of the house at Sweet Basil. *See i.d.* 28-129. In particular, sushi chefs XIAO YANG and CARLTON (*see i.d.* ¶¶ 40, 47), fry woks XIAO LIN, DA LIN and CINDY (*see i.d.* ¶¶ 70, 78, 86), waiters ERIC ZHENG and ANNIE WENG (*see i.d.* ¶ 94, 106), busboy MENUL (*see i.d.* ¶ 119), who were each paid a weekly, monthly, or daily rate without any regard to the fact that the predominant majority of Sweet Basil employees worked over forty (40) hours each week, despite being regularly scheduled to work for six (6) days a week and working an average of sixty eight (68) hours per week .

Plaintiff has fully established his own hours and pay and the hours of many and the pay of some of his coworkers. This warrants the certification of the non-exempt employee (sushi chef, kitchen chefs, including oil wok, fry wok, waiters, busboy, appetizers dishwashers and packers)  which are <u>all</u> the positions there are at Sweet Basil. *See Kiang*, No. 18cv5256 (SJF)(ARL), at *6; *see also Weng v. Kung Fu Little Steamed*

*Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar. 26, 2018) (quoting *Guo v. Tommy's Sushi Inc*., No. 14cv3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014)); *see also Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835, at *4 (S.D.N.Y. June 28, 2018) (finding that certification was proper for all delivery persons based on the experience of the named plaintiff, who were themselves delivery persons, and other positions based on detailed testimony on their wages and hours).

Accordingly, this Court should conclude that Plaintiff have met their "light burden of making a modest factual showing" that Plaintiff WEN LIN LIU and other workers, and other non-managerial employees "were victims of a common policy or plan that violated the law". *See Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013) (quoting *Hoffman,* 982 F. Supp. at 261), and the certification of a collective including all employees is appropriate.

### D. Expedited Notice and Disclosure of Contact Information Is Necessary

Plaintiff respectfully request expedited disclosures of contact information to send notice of this action to all potential opt-in plaintiff as expeditiously as possible. As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against him on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiff may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before

approving a conditional collective action; rather **courts have endorsed the sending of notice early in the proceeding,** as a means of facilitating the FLSA's broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiff' primary languages are Chinese and Spanish.

All non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment as required by the FLSA. Accordingly, Plaintiff exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

### E. Expedited Notice and Disclosure of Contact Information Is Necessary

Plaintiff proposes a Notice of Pendency and Consent Form in Chinese and Spanish (the predominant languages of the FLSA Collective) advising all potential opt-in Plaintiff of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff also requests that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' stores. This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended.

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F.

Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action").

Accordingly, Plaintiff respecfully requests that Defendants produce a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, law known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or FaceBook usernames, work location, dates of employment, and position") for all non-managerial employees who worked for Defendants from September 8, 2021 to the present day. Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (directing Defendants to provide Plaintiff to provide a list with "names, last known addresses, telephone numbers, emails, WhatsApp, weChat ID and/or FaceBook usernames, and dates of employments for all current and former non-exempt, non-managerial employees for the relevant period within 14 days of entry of [the] Order"); *Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); see also In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (noting that "courts often order the production of such information at the notice stage").

A three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abecrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC),

2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period.").

As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiff may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather **courts have endorsed the sending of notice early in the proceeding**, as a means of facilitating the FLSA's  broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiff' primary languages are not English.

### F.  Court-Authorized Notice is Routinely Authorized by Court in this District

The Supreme Court has held that "district courts have discretion, in appropriate cases, to implement . . . § 216(b) . . . by facilitating notice to potential plaintiff" of the pendency of the action and of their opportunity to opt in as represented plaintiff. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989)).

Because the benefits of a collective action depend on employees receiving notice of its pendency "so that they can make informed decisions about whether to participate," district courts are encouraged to monitor the notice process and ensure that the proposed notice is "timely, accurate, and informative." See *Hoffmann — La Roche*, 493 U.S. at 170,

14

172; *Jeong Woo Kim*, 985 F. Supp. 2d at 451; *Lynch*, 491 F. Supp. 2d at 371. Court-facilitated notice also "protects plaintiff' claims from expiring under the statute of limitations.", 491 F. Supp. 2d at 367 (citing *Hoffmann —La Roche*, 493 U.S. at 171-72). *Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 267, 2020 BL 576, 9 (D. Conn. 2020).

"[D]istrict courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to section 216(b) of the FLSA." *Holbrook v. Smith and Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

To facilitate the opt-in process, district courts in their discretion may order a notice of the ongoing collective action to be sent to potential plaintiff. See *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citing *Hoffmann—La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)); *Marcus v. Am. Contract Bridge League*, 254 F.R.D. 44 , 47 (D. Conn. 2008). The process of facilitating notice of a collective action to potential opt-in plaintiff is known as collective action certification. See *Myers*, 624 F.3d at 555 at 263 n.10 (citing *Hoffmann —La Roche*, 493 U.S. at 169); *Zaniewski v. PRRC Inc.*, 848 F. Supp. 2d 213, 215 (D. Conn. 2012). *Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 263, 2020 BL 576, 4 (D. Conn. 2020).

While the Second Circuit has not articulated a test for certification of an FLSA collective action, see, e.g., *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220 n. 6 (D. Conn. 2003), district courts within its jurisdiction typically undertake a two-stage inquiry in deciding whether such an action should be certified. See, e.g., *Neary*, 517 F. Supp. 2d at 618.

At the first stage, which occurs before discovery is complete, the plaintiff bears a "minimal burden to show that he is similarly situated to the potential class." *Id.* (internal quotation marks and citations omitted). If the court concludes that the plaintiff has met that burden, then the collective action will be conditionally certified. *Id.* At second stage of the certification process, which takes place after discovery is completed, the court examines "all the evidence then in the record to determine whether there is a sufficient basis to conclude that the proposed class members are similarly situated." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); see also *Holbrook*, 246 F.R.D at 106.

While the second stage of the certification process is typically prompted by the defendant's motion for decertification, *Neary*, 517 F. Supp. 2d at 618, courts have bypassed the first stage of the certification process — and moved directly to the second stage — where the plaintiff has first moved for certification after extensive discovery has already taken place. See, e.g., *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78, 83 (D. Conn. 2009). *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 179, 2010 BL 222160, 3 (D. Conn. 2010). *Marcus v. American Contract Bridge League*, 254 F.R.D. 44, 47 (D. Conn. 2008)

"District courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to [section] 216(b) of the FLSA." *Holbrook v. Smith and Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 179, 2010 BL 222160, 2 (D. Conn. 2010).

Once a court determines that a named plaintiff has demonstrated that he or she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful policy for paying minimum wages and/or overtime pay, and has thus satisfied his or her burden for initial certification of a collective action, the court may proceed to authorize issuance of a notice informing potential additional plaintiff of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-authorized notice,

Indeed, as the statute of limitations does not toll for opt-in plaintiff until they consent to appear, *see Lynch*, 491 F. Supp. 2d at 371, courts will "routinely approve court-authorized notice in order to ensure that the rights of potential claimants do not expire during the discovery process." *Grant*, 2014 WL 1918602, at *2; *see also Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No.* 12cv265 (PAE), 2012 WL 1981507, at *2 (S.D.N.Y. Jun. 1, 2012) ("[C]ourt-authorized notice is appropriate[ ] to prevent erosion of claims due to the running statute of limitations . . . .").

### G.  The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

#### 1.  Plaintiff proposes that the Notice of Pendency be disseminated in any relevant language, via mail, email, text message or social media chat

Plaintiff propose a Notice of Pendency and Consent Form advising all potential opt-in Plaintiff of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, text message, or social media group and individual chat and posts, to all potential members of the collective. Plaintiff respectfully

requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, and/or text message, or social media chat, to all potential members of the collective. *See Shuzhen Cao v. 155 S.G.S. Corp*, No. 18cv10338 (ALC)(KNF) (S.D.N.Y. Nov. 04, 2019)   (permitting notice to be "disseminated in any relevant language, via mail and email to all members of the collective" and permitting dissemination "via text message, or social media messages or chats, to all members of the collective"); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *38-39 (S.D.N.Y. July 25, 2019) (permitting notice of pendency to be disseminated "in any relevant language, via mail, email, text message, and/or  social media chat, to all potential members of the collective" while ordering that "Defendants shall post a copy of the notice, in all relevant languages, … in a conspicuous and unobstructed location or locations likely to be seen by all currently employed members of the collective, and the notice shall remain so posted throughout the opt-in period"); *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) (finding that Plaintiff's counsel may  "arrange to have [modified notice] disseminated , in any relevant language, via mail, email, and/or text message, to all potential members of the collective").

### 2. The Exclusion of Defendants' Attorney Information on the Proposed Notice of Pendency is Proper Given the Potential for Confusion and Ethical Conflicts

The exclusion of Defendants' attorney information is proper in the proposed Notice of Pendency. *See Gao v. Umi Sushi Inc. et al.*, No. 18cv06439 (ALC)(SN) (S.D.N.Y. Mar. 21, 2019) at *2 ("Because the Court cannot conceive of information that the potential opt-

in plaintiff may seek that cannot be provided by contacting plaintiff's counsel or the former employer directly, and because communication between a potential opt-in and defense counsel may result in the inadvertent disclosure of material information or worse, an ethical violation, the Court denies Defendants' request to include their counsel's contact information on the Notice." *See also Shanggang Feng v. Kelai Jef Corp,, No.* 18 Civ. 12329 (GBD), 2019 BL 465018 (S.D.N.Y. Nov. 26, 2019) ("Plaintiff shall not be required to include Defense Counsel's contact information in the Notice of Pendency and Consent to Joinder.").

### 3. Authorization of Publication of Full Opt-In Notice on Website

In conjunction with dissemination via mail, email, social media chat, and text message, Plaintiff requests authorization for the publication of the full opt-in notice on Plaintiff' counsel's website, which allows for electronic submission of the Consent to Join Form, and for potential opt ins to contact Plaintiff' counsel for additional information. *See* e.g. *Varghese v. JP Morgan Chase & Co.*, 2016 U.S. Dist. LEXIS 122428. at 26 (S.D.N.Y. Sep. 8, 2016) (granting Plaintiff's request for dissemination of notice via website) (Citing *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) (authorizing notice via two standalone websites that will give potential plaintiff the ability to download and submit the consent form electronically")).

"[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Rosario v. Valentine Ave. Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011); see also *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 565 (S.D.N.Y.

2013) ("First class mail and in-store posting is sufficient to provide notice [*7] to potential opt-in class members."). Therefore, dissemination via workplace posting, first-class U.S. mail, and email is appropriate. *Barbato v. Knightsbridge Props.*, 2015 BL 332363, 7 (E.D.N.Y. Oct. 08, 2015).

### 4. Authorization of Conspicuous Posting at Store

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn*, 767 F. Supp. 2d at 449. Such notices have been required, moreover, to be posted at multiple work locations within [*18] a state. See, e.g., *Id.* (requiring posting at several in-state locations); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 531-32 (S.D.N.Y. 1980) (authorizing posting at multiple in-state migrant labor camps). Notice has also been required of employers whose locations are spread over multiple states. See, e.g., *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (requiring posting at eleven call centers in three states). *Lopes v. Heso, Inc.*, No. 16 CV 6796 (MKB)(RML), 2017 U.S. Dist. LEXIS 178709, at *17-18 (E.D.N.Y. Oct. 27, 2017). Therefore, dissemination via workplace posting, first-class U.S. mail, and email is appropriate. *Barbato v. Knightsbridge Props.*, 2015 BL 332363, 7 (E.D.N.Y. Oct. 08, 2015).

Additionally, Plaintiff requests that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' restaurant and included in the employees' pay envelopes or other method of delivery of their paycheck information. This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended. *See Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (allowing notice to be "posted in English, Chinese, Spanish, and Malaysian" at the workplace); *Zhang*, No.

17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019); *Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

### 5. Reminder Notice

Plaintiff requests that this Court orders that Plaintiff may send a reminder mailing and email to all unresponsive collective action members half-way through the notice period. "Given that notice under the FLSA is intended to inform as many potential plaintiff as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *See Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sep. 19, 2013) (collecting cases allowing for reminder notices); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (approving reminder postcard). *See also Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18 (approving reminder notices by mail and email). It is well documented that people often disregard collective action notices. *See,* Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Reminder mailings to potential opt-ins who have not responded to an initial mailing are common and cause Defendants no prejudice. *See Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18.

6. **The Opt-In Anchor Date Should Be from the Complaint Filing Date**

"In this circuit, courts routinely calculate the notice period from the date on which the lawsuit was filed, not the date of conditional certification, 'with the understanding that challenges to the timeliness of individual plaintiff's actions will be entertained at a later date.'." *Yuan v. & Hair Lounge et al.*, 18cv11905 (AT)(BCM) (S.D.N.Y. Nov. 7, 2019) at * 17; *see Bittencourt v. Ferrara Bakery & Café, Inc.,* 310 F.R.D. 106, 115-16 (S.D.N.Y. 2015) (quoting Hamadou, 915 F. Supp. 2d at 668, and collecting cases).

7. **The Opt-In Period should extend to 90 days to allow the greatest number of Potential Plaintiff who may wish to Opt In to the Collective Action**

The opt-in period should be for 90 days, which will allow the greatest number of Plaintiff to opt into the action. "60 or 90 day opt in period are common in FLSA collective actions." *Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730, at *16 (S.D.N.Y. Nov. 12, 2015). *See e.g. In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688, at *2-3 (S.D.N.Y. Jan. 11 2010) (affording plaintiff 90 days to opt in); *Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261037, at *1 (E.D.N.Y. Dec. 1, 2010) (same); *Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014 WL 2111693, at *5 (S.D.N.Y. May 12, 2014)(same). There is no detriment to plaintiff from extending this period, and doing so will make it more likely that all employees who intend to bring such claims will do so in this action. *See Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020, at *9 (S.D.N.Y. Feb. 7, 2013) ("'[W]hen exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions,' including achieving judicial efficiency 'by settling the claims of similarly situated employees at the same time.'"

22

(quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

### 8.  Appropriate Notice Period should be for 3 Years

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988). See *Pau v. Jian Le Chen*, 2015 BL 346095, 8 (D. Conn. Oct. 21, 2015).

Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiff's allegations of willful violations of the FLSA minimum wage and overtime provisions, a three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. Courts routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abecrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute

23

of limitations for purposes of certifying a representative action."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time").

Thus, adopting a more inclusive notice period suggested by Plaintiff is appropriate—especially since Defendants will have an opportunity to challenge the timeliness of each plaintiff's claims "after the completion of discovery during the second phase of the collective action certification process." *Fasanelli*, 516 F. Supp. 2d at 323; *Yap*, 146 F. Supp. 3d at 565. *Gui Zhen Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 270 (D. Conn. 2020).

### 9. The Language of the Notice or Posts be in Relevant Languages for Employees not Well Versed in the English Language

As Plaintiff WEN LIN LIU's affidavit demonstrate, many of the opt-in Plaintiff are not native English speakers, but rather speak only Chinese or Spanish. *See generally* LIU Aff. and ¶¶ 57, 114, 122, 127 (noting the Spanish coworkers). Consequently, Plaintiff respectfully requests that all notices or posts to employees' attention be in Chinese, Spanish and English (the predominant languages of the FLSA Collective), as many of the opt-in Plaintiff are not well versed in the English language. This type of request has been granted in other cases, *see, e.g.*, *Wu*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *36; *Kiang*, No. 18cv5256 (SJF)(ARL), at *7-8 (finding appropriate request that notice be posted and disemminated in English, Chinese, Malaysian, and Spanish); *Zhang*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) at *45 (allowing dissemination in "all relevant languages"); *Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

Finally, Plaintiff' request to translate and distribute the Notice of Pendency and Consent Form in Chinese and Spanish, the predominant languages of the collective class, be granted as district courts routinely grant such requests in light of the prospective plaintiff' backgrounds. See *Fang*, [2010 BL 417404], 2010 U.S. Dist. LEXIS 133618, [2010 BL 417404], 2010 WL 5261197, at *4; *Cuzco v. Orion Builders*, Inc., 477 F. Supp. 2d 628, 635 [*273] (S.D.N.Y. 2007); accord *Valerio v. RNC Industries, LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016). As such, Plaintiff may distribute the Notice of Pendency and Consent Form in English, Chinese and Spanish. Plaintiff are directed to modify the contents of the proposed Notice of Pendency and Consent Form in accordance with the above holdings. *Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 273, 2020 BL 576, 15 (D. Conn. 2020)

### H. Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiff

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until the plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260. Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that

25

the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In

Period.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests an order granting

Plaintiff's requested relief in its entirety, and for such other and further relief deemed just

and proper.

Dated:    Flushing, New York
      June 3, 2025                    Respectfully submitted,

                                  TROY LAW, PLLC.

                         By:  /s/  John Troy
                             John Troy

26