**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
-------------------------------------------------------------------x
WEN LIN LIU,
*on behalf of himself and others similarly situated,*
                                                                Plaintiff,       Case No. 24-cv-01436 (JCH)

                                      v.

SWEET BASIL FAIRFIELD LLC
         d/b/a Sweet Basil Sushi & Pan Asian
         Cuisine,
CHUN YIU KWOK
         a/k/a Skye Kwok,
VINCENT WENG,
SHENGLIANG WENG, and
MEI WENG
         a/k/a A Mei Weng,
                                                                Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO**

**INTERROGATORIES AND DOCUMENT REQUESTS AND FOR SANCTIONS**

TROY LAW, PLLC
JOHN TROY
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

DISCOVERY REQUESTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................... 5

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507 (S.D.N.Y. 2010). ................................................................................................................................. 10

*Alderman v. Pan Am World Airways*, 169 F.3d 99 (2d Cir. 1999) ................................ 11

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187 (1946) .................. 4

*Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31 (S.D.N.Y. 2015) ................... 11

*Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258 (S.D.N.Y. 1995) ......... 9

*Chateau de Ville Prods, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978) ................................................................................................................................. 4

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333 (S.D.N.Y. 2016) ................................................................................................................ 10

*Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ........................................................................................................................... 9

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ........................................... 9

*Doe v. Mastolini*, 307 F.R.D. 305 (D. Conn. 2015) ......................................................... 7

*Fischer v. Forrest*, No. 14-cv-01304 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) .................................................................... 6

*Heerwagen v. Clear Channel Communs.*, 435 F.3d 219 (2d Cir. 2006) ......................... 4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................... 10

*Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77 (D. Conn. 1998) ................................................................................................................................. 7

*Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28 (S.D.N.Y. 2016) .................................................................................................. 8

*Millea v. Metro-N R.R. Co.*, 658 F.3d 154 (2d Cir. 2011)............................................... 11

*Passenti v. Veyo, LLC*, No. 21-cv-01350 (SRU), 2022 WL 17261411, 2022 U.S. Dist. LEXIS 214272, at *1 (D. Conn. Nov. 29, 2022) ........................................................... 6

*Public Serv. Ins. Co. v. Mount View Realty, LLC*, No. 15-cv-00740 (AWT), 2016 WL 4697717, 2016 U.S. Dist. LEXIS 120491, at *1 (D. Conn. Sep. 7, 2016).................... 7

*Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-06198 (LAK), 2008 U.S. Dist. LEXIS 33425, at *1 (S.D.N.Y. Apr. 29, 2008) ..................................................... 10

*Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) ................................... 9

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980) ......................................................... 9

*Shahzad v. Cty. of Nassau*, No. 13-cv-02268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, 2014 WL 4805022, at *1 (E.D.N.Y. Sep. 26, 2014)......................................... 6

*Sikiotis v. Vitesse Worldwide Chaufeeured Servs.*, No. 15-cv-00316 (JBA), 2015 U.S. Dist. LEXIS 162766, at *1 (D. Conn. Dec. 4, 2015) ..................................................... 6

*Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) ............................... 11

*Sirota v. Solitron Devices, Inc.*, 673 F.2d 566 (2d Cir. 1982).......................................... 4

*Stebbins v. S&P Oyster Co.*, No. 16-cv-00992 (AWT), 2017 U.S. Dist. LEXIS 50633, at *1 (D. Conn. Apr. 3, 2017) ........................................................................................ 5

*Strauch v. Computer Scis. Corp.*, No. 14-cv-00956 (JBA), 2020 U.S. Dist. LEXIS 133115, at *1 (D. Conn. July 25, 2020)................................................................... 12

*Tsombanidis v. City of W. Haven*, 208 F. Supp. 2d 26 (D. Conn. 2002) ....................... 11

*Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1 (D. Conn. 2013) .................................. 9

*Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 10-cv-00060 (JBA), 2012 U.S. Dist. LEXIS 131982, at *1 (D. Conn. Sep. 17, 2012) .......................................... 10

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) .................................... 7

*Vidal v. Metro-North Commuter R.R. Co.*, No. 12-cv-00248 (MPS), 2013 U.S. Dist. LEXIS 44430, 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013) .............................. 6

**Rules**

Fed. R. Civ. P. 23(c)(1)(a) ........................................................................................... 4

Fed. R. Civ. P. 30 ....................................................................................................... 1

Fed. R. Civ. P. 33 ....................................................................................................... 1

Fed. R. Civ. P. 34 ....................................................................................................... 1

Fed. R. Civ. P. 34(b)(2)(C) ...................................................................................... 6, 7

Fed. R. Civ. P. 37(a) .................................................................................................. 8

Fed. R. Civ. P. 37(a)(3) .............................................................................................. 5

Fed. R. Civ. P. 37(a)(5)(A) ........................................................................................ 8

Fed. R. Civ. P. 37(b) .................................................................................................. 8

Fed. R. Civ. P. 37(b)(2) ............................................................................................. 1

Plaintiff, by and through counsel, respectfully submits the following memorandum of law in support of his motion to compel Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG (hereinafter "Defendants") to supplement their responses to Plaintiff's interrogatories and document requests, and for sanctions permitted by Fed. R. Civ. P. 37(b)(2)(A) and (C).

## PRELIMINARY STATEMENT

Plaintiff brings this case pursuant to the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"). He seeks unpaid minimum wages under the CMWA and unpaid overtime under the FLSA and CMWA. He seeks to certify a class of employees who were denied CMWA minimum wage and/or overtime by Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG have failed to provide responsive responses to Document Production Requests and Interrogatories but instead have interposed blanket copied-and-pasted objections.

On December 31, 2024, Plaintiff requested Fed. R. Civ. P. 33 interrogatories and Fed. R. Civ. P. 34 document requests, along with Fed. R. Civ. P. 30 notices as to Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG be deposed on March 17, 2025 and March 18, 2025 on Defendants through counsel by U.S. mail and email. *See* Troy Decl. ¶ 4. Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG requested

1

for several extensions and thereafter propounded blatantly deficient discovery responses. *See id.* ¶¶ 6-8.

## **DISCOVERY REQUESTS**

Because Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG have interposed identical objections to each of the document production requests, a "specific verbatim listing of each of the items of discovery sought or opposed" would not add anything that is not already in the discovery requests themselves, attached to the Declaration of John Troy. L. Civ. R. 37(b)(1). Rather, Plaintiff provides the response that are identically interposed for each of the Defendants' response to Plaintiff's document production requests and interrogatory. *See id.* ("Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item."):

As to each Interrogatory, Defendants provide the following identical responses:

Defendant objects to this Request on the grounds that it seeks information outside the relevant time period. The defendant further objects to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the production of any relevant, responsive, non-privileged information in their possession, custody, or control. *See* **John Troy Dec. Exhibit 7 Defendants' Response to Plaintiff's Document Production Request.**

2

As to each Document Production Request, Defendants SWEET BASIL FAIRFIELD LLC d/b/a Sweet Basil Sushi & Pan Asian Cuisine, CHUN YIU KWOK a/k/a Skye Kwok, and VINCENT WONG provide the following identical responses:

Defendants objects to this Request on the grounds that it seeks information outside the relevant time period. Defendants further object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are prepared to meet-and-confer with Plaintiff to discuss the production of any relevant, responsive, non-privileged information in their possession, custody, or control. *See* **John Troy Dec. Exhibit 8 Defendants' Response to Plaintiff's Interrogatories.**

Briefly, Plaintiff's interrogatories seek the identities of persons known to Defendants to have information relevant to Plaintiff's claims, to having knowledge of documents and records relevant to Plaintiff's claims, and to having knowledge and knowledge of documents and records relevant to the purported collective and class of employees that Plaintiff seeks to notify of this case and to represent respectively. *See* **John Troy Dec. ¶ 11**.

Plaintiff's document requests seek documents relevant to proving enterprise coverage under the FLSA, documents relevant to proving that Defendants operated a single integrated enterprise, documents showing Plaintiff's terms and conditions of employment, documents showing the days and times per day that Plaintiff worked, documents showing payments of wages to Plaintiff and other employees, documents showing how Plaintiff's wages were calculated, documents showing deductions and

3

withholdings from Plaintiff's wages, and documents showing how many employees Defendants employed, how many hours they worked compared to Plaintiff, how they were paid compared to Plaintiff, and generally how similarly situated other employees were to Plaintiff. *See id.* **¶ 12**.

Identification of persons with knowledge of Plaintiff's employment, and production of documents showing Plaintiff's hours and wages recorded, are self-evidently necessary to proving Plaintiff's case. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946) ("[I]t is the employer who has the duty under § 11(c) of the [Fair Labor Standards] Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed."). The employer is similarly in unique possession of the facts necessary to show enterprise coverage and operation as a single enterprise. As for class discovery, it has not been proscribed to a time post-certification. Fed. R. Civ. P. 23(c)(1)(a) provides that a decision on class certification should be made "[a]t an early practicable time." As a result, "[d]iscovery on the prerequisites of Rule 23 is plainly appropriate, and in some cases necessary." *Heerwagen v. Clear Channel Communs.*, 435 F.3d 219, 223–34 (2d Cir. 2006); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to the certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Chateau de Ville Prods, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) ("Discovery may be necessary in order to appraise the adequacy of representation.") (internal quotation marks omitted); *Stebbins v. S&P Oyster Co.*, No. 16-

4

cv-00992 (AWT), 2017 U.S. Dist. LEXIS 50633, at *7 (D. Conn. Apr. 3, 2017) ("Pre-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both.") (internal quotation marks and citations omitted).

Not only did Defendants fail to produce a single page of documents relating to Plaintiff's wages or hours, but they have also failed to produce documents clearly relevant to the establishment of enterprise coverage under the Fair Labor Standards Act, which require the provision of tax returns should the Defendants contest gross revenue in excess of $500,000, which Defendants did through a denial of the same in the Answer as set forth in the foregoing paragraphs. *See* **John Troy Dec. ¶ 13**.

## **ARGUMENT**

### I. DEFENDANTS SHOULD BE COMPELLED TO SUPPLEMENT THEIR RESPONSE TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT DEMANDS

Rule 37 provides in relevant part that "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if… a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Defendants have proffered no reasonable explanation for why JOSHUA D. LEVIN-EPSTEIN has failed to meaningfully engage in meet and confer requests that was pending since April 8, 2025 despite concerted efforts made by Plaintiff's counsel to get them to engage.

5

"Rule 34(b)(2)(C) requires that '[a]n objection must state whether any responsive materials are being withheld on the basis of that objection.'" *Passenti v. Veyo, LLC*, No. 21-cv-01350 (SRU), 2022 WL 17261411, 2022 U.S. Dist. LEXIS 214272, at *17 (D. Conn. Nov. 29, 2022) (quoting Fed. R. Civ. P. 34(b)(2)(C)). "'This requirement is intended to avoid confusion when a producing party states objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.'" *Id.* (quoting 7 Moore's Federal Practice § 34.13(2)(b) (3d ed. 2021)). "'[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection.'" *Id.* (quoting *Fischer v. Forrest*, No. 14-cv-01304 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)). Accordingly, "assertion of general objections" is a "disfavored approach." *Id.*, at *17 n.6 (citing *Vidal v. Metro-North Commuter R.R. Co.*, No. 12-cv-00248 (MPS), 2013 U.S. Dist. LEXIS 44430, 2013 WL 1310504, at *2 (D. Conn. Mar. 28, 2013)). "[V]oicing general objections to the discovery requests… does not satisfy the requirements of Rule 33." *Sikiotis v. Vitesse Worldwide Chaufeeured Servs.*, No. 15-cv-00316 (JBA), 2015 U.S. Dist. LEXIS 162766, at *5 (D. Conn. Dec. 4, 2015) (citing *Shahzad v. Cty. of Nassau*, No. 13-cv-02268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, 2014 WL 4805022, at *3 (E.D.N.Y. Sep. 26, 2014) ("Defendants' blanket refusal to answer, asserted as part of its… motion to stay discovery and grounded in several cursory objections to the interrogatories as a whole, does not satisfy the requirements of Rule 33.")). "[A] paragraph of boilerplate objections that do not appear applicable to these [particular] interrogatories presents the impression that

6

[respondent] asserted general objections rather than considering the merits of these particular interrogatories." *Public Serv. Ins. Co. v. Mount View Realty, LLC*, No. 15-cv-00740 (AWT), 2016 WL 4697717, 2016 U.S. Dist. LEXIS 120491, at *11 (D. Conn. Sep. 7, 2016).

As set forth in the "Discovery Request" section, Defendants' interposed paragraphs of boilerplate objection for both the interrogatories and document production request clearly are thinly veiled general objections. Defendants fail to otherwise meet the requirements of Fed. R. Civ. P. 34(b)(2)(C). Defendants have failed to state whether any documents have been withheld on the basis of the requests, and failed to provide any responses to the interrogatories.

## II. DEFENDANTS AND/OR DEFENSE COUNSEL SHOULD PAY PLAINTIFF'S REASONABLE ATTORNEY FEES FOR PREPARING THIS MOTION

"[S]anctions for discovery abuses are imposed pursuant to Rule 37." *Doe v. Mastolini*, 307 F.R.D. 305, 311 (D. Conn. 2015) (citation omitted). "The mildest sanction [available under rule 37] is the reimbursement of expenses to the opposing party caused by the offending party's failure to cooperate, while the harshest sanction is the order of dismissal and default judgment." *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77, 80 (D. Conn. 1998) (citation omitted).

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand an on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

7

Pursuant to Fed. R. Civ. P. 37(a), if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court "must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*; *see also Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 43 (S.D.N.Y. 2016) ("If a court grants a motion to compel, it must, after giving opportunity to be heard, impose the moving party's reasonable expenses incurred in making the motion on the party who created the need for the motion, unless the nondisclosure was substantially justified or other circumstances make such an award unjust.") (quotation marks and citations omitted).

Fed. R. Civ. P. 37(b) provides that if a party "fails to obey an order to provide or permit discovery," the "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(*b)(2)(A)–(C); *see also Martinelli*, 179 F.R.D. at 80 (noting that Rule 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery.") (citation omitted). "Provided that there is a clearly articulated order of the court requiring specified

8

discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 26 (D. Conn. 2013) (quoting *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991)). Rule 37(b) "requires that the sanctions must be just; and the sanction must relate to the particular claim to which the discovery order was address." *Id.* at 1366 (citation omitted).

"A district court has wide discretion to impose sanctions, including severe sanctions, under [Rule 37]." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006); *see also Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses.") "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quotation marks and citations omitted); *see also S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (noting that sanctions may be justified even when "a party finally (albeit belatedly) complies with discovery orders after sanctions are imposed.") (citation omitted).

An award of attorney's fees pursuant to Rule 37 is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar attorneys of like skill in the area." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (quotation marks and citations omitted); *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of*

9

*Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) (determining that the lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions); *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-06198 (LAK), 2008 U.S. Dist. LEXIS 33425, at *4 (S.D.N.Y. Apr. 29, 2008) ("As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis.") (citations omitted).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 10-cv-00060 (JBA), 2012 U.S. Dist. LEXIS 131982, at *6 (D. Conn. Sep. 17, 2012) (quotation marks and citations omitted). "Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d

10

Cir. 2009) (quotation marks and citation omitted). Factors that the Court may consider in determining a reasonable fee are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (citations omitted).

The district court retains discretion to determine what constitutes a reasonable fee." *Millea v. Metro-N R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quotation marks and citation omitted). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court. *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (citation omitted). In determining a reasonable fee, the Court is mindful that "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *Tsombanidis v. City of W. Haven*, 208 F. Supp. 2d 26, 270 (D. Conn. 2002) (quotation marks and citations omitted).

Here, John Troy spent 5 hours and 55 minutes (5.91 hours) all told preparing this motion. *See* Troy Decl. ¶¶ 30–35. He customarily charges $650.00 to clients in non-contingent fee matters. *See id.* ¶ 36 He has more than 30 years' experience as a wage-and-hour litigator, a reputation for diligent advocacy, and an extensive record in the Federal District Courts. *See id.* ¶ 31. While it is on the high end of the range that has been

11

approved for partners in this District (*see Strauch v. Computer Scis. Corp.*, No. 14-cv-00956 (JBA), 2020 U.S. Dist. LEXIS 133115, at *26 (D. Conn. July 25, 2020), John Troy has been awarded $650.00 per hour in FLSA cases in sister Districts, both within and outside the Second Circuit. *See id.* ¶ 32. Accordingly, he should be awarded the lodestar of $3,841.50 for the preparation of this motion.

## CONCLUSION

For all the reasons stated above, Plaintiff respectfully requests that the foregoing motion be granted in its entirety.

Dated: Flushing, NY
      June 19, 2025

> Respectfully submitted,
>
> /s/ John Troy
> John Troy
> Troy Law, PLLC
> 41-25 Kissena Boulevard, Suite 110
> Flushing, NY 11355
> (718) 762-1324
> troylaw@troypllc.com
> *Attorney for Plaintiff*