**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------------- x

WEN LIN LIU,
*on behalf of himself and others similarly situated,*
                                                    Plaintiff,

                            v.

SWEET BASIL FAIRFIELD LLC
        d/b/a Sweet Basil Sushi & Pan Asian
        Cuisine,
CHUN YIU KWOK
        a/k/a Skye Kwok,
VINCENT WENG,
SHENGLIANG WENG, and
MEI WENG
        a/k/a A Mei Weng,

                                    Defendants.

------------------------------------------------------------------- x

**Case No. 24-cv-01436**

**DECLARATION OF JOHN TROY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION AND FOR SANCTIONS**

JOHN TROY, an attorney admitted to practice law in the State of New York and before the United States District Court for the DISTRICT OF CONNECTICUT, hereby affirms under penalty of perjury that:

1. I am the principal of Troy Law, PLLC, attorney for the Plaintiffs and putative class in this action.  I submit this affirmation in support of Plaintiffs' motion for an Order granting compel of document production in compliance with the order dated January 5, 2026.

2. On January 5, 2026, the court issued an order directing both parties to complete all discovery by February 9, 2026.

3. The following exhibits are annexed:

    Exhibit 1.  Order Dated January 5, 2026 (Docket No. 141);

    Exhibit 2.  Order Dated December 9, 2025 (Docket No. 129);

    Exhibit 3.  Email Chain dated December 10, 2025, to January 15, 2026;

Exhibit 4. Email Chain dated January 19, 2026, to January 28, 2026;

Exhibit 5. Email Regarding Stipulation to Extend Time;

Exhibit 6. Email Regarding Name List;

Exhibit 7. Email Outlining name list deficiencies;

Exhibit 8. Email Chain dated January 30, 2026 to February 18, 2026;

Exhibit 9. Email Chain regarding good faith attempts to resolve discovery issues;

Exhibit 10.    Email chain dated February 25, 2026 to March 03, 2026; and

Exhibit 11.    Email with Supplemental responses at 10:12 p.m.

4. On December 9, 2025, the Court granted the plaintiff's motion to Certify Class under Section 216(b) of the FLSA, and directed the defendants to provide the plaintiff with a Microsoft Excel (.xlsx) file containing a list of the first and last names of all non-managerial employees who worked at Sweet Basil from September 8, 2021, through December 9, 2025 (the date of the order), together with their last known mailing and email addresses, work locations within Defendants' business, dates of employment, and positions.

5. On December 10, 2025, plaintiff's counsel forwarded the Order to the defendant's counsel, respectfully requesting to produce the name list by January 8, 2026, in compliance with order dated December 9, 2025.

6. During the discovery conference held on January 5, 2026, both parties agreed that the individual defendant Skye Wok would be deposed on January 27, 2026, individual defendant Mei Weng would be deposed on January 29, 2026, and defendants Shengliang Weng and Vincent Weng would be deposed on January

30, 2026.

7. On January 8, 2026, plaintiff's counsel followed up via email requesting the defendant's counsel for the collective list production, as they were due.

8. Defendant's counsel Mr. Reiner shortly followed up informing us that Mr. Pizzi had a medical emergency and that they would not be able to produce the name list within a timely manner.

9. However, Plaintiff made clear that this extension would need to be contingent on the court approval. As such, on January 13, 2026, both parties agreed to a stipulation to extend the deadline for the name list production.

10. On January 15, 2026, the defendant's counsel sent plaintiff's counsel a .pdf file containing the first and last names, positions, last known addresses, and dates of employment of 98 current and former employees, employed between April 12, 2022 and December 31, 2025. However it did not include any employees' email addresses (or a representation that Defendants had searched for and did not possess email addresses), did not include any employees' work locations, and did not include any information for any employees employed before April 12, 2022.

11. At 10:28 a.m., the plaintiff's counsel informed the defendants' counsel of the deficiency, stating that a written statement should be provided to court due to the delay.

12. On January 17, 2026, plaintiff's counsel emailed the stipulation to the defendant's counsel, requesting for a signature.

13. On January 19, 2026, during the Defendant's deposition of the plaintiff, plaintiff and plaintiff's counsel noticed that there were five individuals in the deposition,

despite being told by Mr. Pizzi that only the individuals in the rooms were the ones who are active party members within this case. The Plaintiff's counsel and Defendants' counsel have agreed to swap transcripts in this case, and Plaintiff will promptly upload the transcript to the docket upon receipt from the Defendants (with the appropriate redactions).

14. After repeated questioning, Plaintiff was informed by the defendant's counsel that the fifth individual was Tony Liu, the owner of Tony Sushi (a defendant in another overtime case pending in New York state court, where Defense counsel herein represents the employer and Plaintiff's counsel herein represents the employee); it was represented that he had been hired as a consultant and would attend the deposition as such. However, it was apparent that Mr. Liu was attending not in that capacity but in order to obtain an advantage in the New York lawsuit where he is a Defendant.

15. When the plaintiff's counsel requested for all individuals to be identified by the court reporter defendant's counsel stated that not all members need to be identified.

16. Further, the plaintiff was distressed, as Tony Liu had previously publicized the plaintiff's ID on social media app TikTok, and had to take several breaks due to fear.

17. On January 19, 2026, at 9:11 a.m., plaintiff's counsel once again followed up with Mr. Pizzi via email, in an attempt to discuss the stipulation, but never received a response back.

18. On January 22, 2026, Plaintiff's counsel called Mr. Pizzi to discuss the stipulation and an adjournment for the deposition of Mei Weng, scheduled for January 29,

2026, due to an unavoidable scheduling conflict, however Mr. Pizzi did not answer.

19. On January 23, 2026, Plaintiff's counsel followed up on the phone call via email.

20. On January 26, 2026, at 9:13 a.m., Plaintiff's counsel emailed Mr. Pizzi once again, in another attempt to discuss the stipulation and the adjournment of Mei Weng's deposition.

21. At 9:26 a.m., Mr. Pizzi responded to that email stating that he would call once his hearing ended and shortly followed up by doing so at around 11 a.m.

22. During the telephonic meet and confer to discuss the outstanding deficiencies on the name list and deposition scheduling, both parties agreed to adjourn the deposition scheduled for January 29, 2026, to later date and confirmed that the January 27, 2026 deposition would proceed as scheduled. Further, during the telephonic meet and confer, Mr. Pizzi promised to sign over the stipulation as promised.

23. At 12:15 a.m., Plaintiff's counsel followed up the phone call with email stating that Mei Weng's deposition scheduled for January 29, 2026, will be adjourned to a later date, with a list of dates outlining the plaintiff's availability on either February 12, or 13, 2026.

24. Plaintiff's counsel also stated that the deposition for the corporate witness and Skye Wok scheduled for January 27, 2026, will proceed as intended.

25. In another email, sent at 12:00 p.m., plaintiff's counsel sent another copy of the stipulation for the defendant's counsel to review and sign

26. On January 27, 2026, at 9:02 a.m., plaintiff's counsel emailed the Defendant's counsel informing that the deposition is ready to go forward.

27. At 9:10 a.m., Mr. Pizzi responded that he was confused and thought the deposition scheduled for January 27, 2026, got canceled and that the deposition for January 29, 2026, was proceeding as planned, despite the Plaintiff's counsel clearly stating otherwise.

28. Mr. Pizzi also agreed to pay the court reporter for that day and also agreed to the stipulation.

29. At 9:20 a.m., Plaintiff's counsel once again informed Mr. Pizzi that the Plaintiff would not be available on January 28, 2026, due to another deposition and January 29, 2026, due to a scheduling conflict that has a possibility of being rescheduled due to the weather.

30. However, the depositions of individual defendants Shengliang Weng and Vincent Weng scheduled for January 30, 2026, would proceed as planned.

31. At 11:10 a.m., plaintiff's counsel informed the defendant's counsel that the scheduling conflict on January 20, 2026, got adjourned by the court due to the weather, and that if the defendant's counsel wishes they could proceed with the original deposition date of Mei Weng, to which the defendant's counsel never provided a response to.

32. On January 28, 2026, at 10:11 a.m., plaintiff's counsel once again requested that the signed stipulation be provided, otherwise plaintiff will request court intervention due to the lack of response and to preserve the plaintiff's rights regarding the adjournment of Skye Kwok's deposition.

33. At 10:24 a.m., Mr. Pizzi confirmed that the January 30, 2026, deposition of Shengliang Weng and Vincent Weng will proceed as planned, as well as inquiring

about rescheduling the adjourned deposition to the first week of February.

34. At 10:43, plaintiff's counsel responded that there could potentially be a scheduling conflict, as there is a trial date that has not yet been confirmed

35. On January 29, 2026, plaintiff's counsel sent another email, reminding the defendant's counsel to review and sign the stipulation.

36. On January 30, 2026, following up after the deposition of Shengliang Weng and Vincent Weng, plaintiff's counsel met and conferred with Mr. Pizzi via Zoom. During that meet and confer, Mr. Pizzi confirmed that he will pay for the "bust" costs of the deposition; send over the stipulation concerning the provision of a complete name list, including an extension of time due to the delay in Defendants providing the list, which is caused in large part due to Defendants' counsel's medical emergency; and that this will all be accomplished that same day. As a result, Plaintiff's counsel sent yet another email, requesting the defendant's counsel to review and sign the stipulation, once again with the reminder that if the stipulation is not signed then the plaintiff will be requested for court intervention.

37. On February 6, 2026, Plaintiff counsel advised defendants regarding missing people from the employee list, contact information and terms of employment from the list previously provided on January 15, 2026.

38. On February 11, 2026 Defendants provided "an updated" employee list. They clarified that they attached the same list but included phone numbers. Defendants' counsel did not make even the minimum effort to correct or supplement the information regarding to the previously noted observations.

39. On February 15, 2026 Plaintiff counsel requested Defendants the employee list in

the proper excel format as ordered by the court in Order dated December 9, 2025 (ECF Doc No. 129) Exhibit 02.

40. On February 16, 2026, Plaintiff's counsel outlined the outstanding discovery issues raised in the Motion to Compel (ECF Doc. No. 142), per court instructions in order to work out the issues amicably, and to be able to draft the joint status report that was due on February 18,2026.

41. Given the non-response from Defendants, Plaintiff's counsel followed up on February 18, 2026 showing good faith attempt to resolve the discovery issues without court intervention and to comply with court order.

42. As we informed the Court in the Plaintiff's status report filed on February 18, 2026 (ECF Doc. No.148), Defendants provided no response whatsoever, demonstrating a complete lack of even minimal effort to comply with the Court's order regarding the joint status report or to cooperate with Plaintiff.

43. Later that day at 11:49 p.m., Defendants produced an employee list with phone numbers in an excel data file, again claiming that it corresponds to the same employee list with phone numbers that they previously provided and reiterating their refusal to correct or supplement the information, despite being ask to do so in different occasions.

44. On February 20, 2026, Defendants informed Plaintiff's counsel that they were engaged in a week-long trial and expressed, for the first time, an interest in resolving the outstanding discovery issues to avoid the in-person hearing scheduled by the Court.

45. That same day, Plaintiff's counsel responded to their email reiterating once again

the same unresolved issues previously detailed in the February 16, 2026 email correspondence

46. Later that day, Defendants' counsel asked Plaintiff's counsel to clarify what "third parties" Plaintiff was referring to. Plaintiff's counsel explained that the issue had already been raised in the Motion to Compel and concerned the presence of an undisclosed and unauthorized individual who attended Plaintiff's deposition without notice and contrary to prior assurances. Instead of addressing the concern, Defendants' counsel asserted that the individual was merely a consultant and maintained that no corrective action was necessary, offering no proposal to resolve the issue.

47. On February 23, 2026, Plaintiff's counsel reiterated that the issue of the unauthorized third party had already been fully explained in prior correspondence and in the Motion to Compel. Plaintiff further advised that, because Defendants continued to refuse to address the matter, the issue would be presented to the Court and sanctions would be sought.

48. Later that day, Defendants' counsel responded by stating that he was beginning a jury trial and would only be available for a good-faith conference outside of normal business hours. Defendants' counsel did not address any of the outstanding discovery issues raised by Plaintiff, nor did he provide any of the overdue information previously requested.

49. Plaintiff's counsel replied that scheduling a discovery conference outside of normal business hours was not reasonable, particularly given Defendants' repeated failure to respond to written communications or comply with court-ordered deadlines.

Plaintiff's counsel requested that Defendants provide written responses to Plaintiff's proposed resolutions so the parties could determine which issues, if any, could be resolved without court intervention.

50. Plaintiff's counsel further reiterated that Defendants had not provided a valid explanation for the unauthorized individual present at Plaintiff's deposition and that Defendants continued to refuse to engage meaningfully on this issue. Due to Defendants' ongoing non-responsiveness and unwillingness to cooperate in resolving the outstanding discovery disputes, Plaintiff's counsel advised that the matter would need to proceed to the Court-ordered conference.

51. On March 3, 2026, Defendants' counsel responded by offering partial proposals that did not resolve the outstanding discovery deficiencies previously identified by Plaintiff. Defendants conditioned reimbursement of the canceled deposition on Plaintiff providing a credit-card authorization form, proposed an affidavit in place of producing the complete employee information ordered by the Court, and again declined to acknowledge or remedy the issue of the unauthorized third party present at Plaintiff's deposition.

52. On March 3, 2026, Plaintiff's counsel responded to Defendants' proposals and addressed each of the outstanding issues, advising that the deposition cancellation fee could be resolved by check, agreeing to accept an affidavit confirming the completeness of the employee list, and reiterating that the issue concerning the unauthorized third party at Plaintiff's deposition required Court intervention. Plaintiff's counsel further clarified that Defendants' proposed affidavit would not fully resolve the deficiencies in the employee list because Defendants had failed

to provide employees covering the entire relevant period and advised that Defendants were required to supplement the list with email addresses and phone numbers available through the 168 application. Plaintiff's counsel requested that Defendants provide the supplemental information by a mutually agreed-upon date and indicated willingness either to consent to an adjournment of the conference due to Defendants' trial schedule or to jointly notify the Court that two issues had been resolved while the third remained outstanding.

53. On March 3, 2026, Plaintiff's counsel again followed up with Defendants regarding the outstanding discovery issues and requested a prompt response due to the time-sensitive nature of the upcoming conference. Despite multiple prior attempts by Plaintiff's counsel to obtain the required information and resolve the issues cooperatively, Defendants did not provide a timely or substantive reply, continuing their pattern of non-responsiveness.

54. On March 3, 2026, Defendants' counsel responded by agreeing to send a check for the canceled deposition fee upon receipt of the invoice, to provide an affidavit the following day stating that a diligent search had been conducted regarding the employee list, and to have the owner review the 168 application for any additional contact information and provide a second affidavit within five days. Defendants also requested that the issue concerning the unauthorized third party at Plaintiff's deposition be adjourned to a later date due to counsel's trial schedule. Although Defendants acknowledged certain obligations, they still had not produced the required supplemental employee information or addressed the outstanding discovery issues within the Court-ordered deadlines.

55. On March 4, 2026,order (ECF Doc No.156), the Court conducted a discovery conference with the parties and issued a written order addressing all outstanding discovery issues. The Court noted that Defendants had still not produced a complete employee list as previously ordered on December 9, 2025, and directed Defendants to conduct an immediate and thorough search for the missing information. The Court ordered Defendants to produce the required employee data or submit an affidavit detailing their search efforts by March 11, 2026. The Court also ordered Defendants to respond to Plaintiff's post-deposition discovery requests by the same date, and to produce specific time and pay records by March 18, 2026. Additionally, the Court set deadlines for briefing Plaintiff's forthcoming sanctions motion and required the parties to file a joint status report by March 18, 2026 confirming compliance.

56. On March 11, 2026, at 10:12 p.m., Defendants' counsel sent an email stating that they were providing responses to Plaintiff's post-deposition discovery requests along with an affidavit from their corporate representative, and asserted that they were in compliance with the Court's orders. The production was made late in the evening on the final day of the Court-ordered deadline and did not include the supplemental employee information that the Court had specifically directed Defendants to produce. Defendants' submission continued the pattern of last-minute, incomplete compliance that had necessitated repeated Court intervention throughout the discovery process.

57. With respect to the employee name list, the Court's Order dated March 4, 2026 (ECF Doc No. 156) required Defendants to produce the missing information or

submit an affidavit explaining that the information does not exist and detailing their search efforts by March 11, 2026. On that date, Defendants served an affidavit from Defendant Chun Yiu Kwok a/k/a Skye Kwok stating that a diligent search had been conducted and that no additional email addresses or phone numbers for former employees were located. The affidavit did not address the more fundamental deficiency identified by Plaintiff: Defendants' failure to provide any information for employees who worked at Sweet Basil prior to April 12, 2022, despite the Court's Order dated December 9, 2025 (ECF Doc. No.129) requiring production of employee data dating back to September 8, 2021. The affidavit merely stated that Defendant did not assume ownership or operational control until April 12, 2022, but did not explain the absence of information for employees who worked before that date or describe any efforts to obtain such information. As a result, the name list remains incomplete and non-compliant with the Court's prior orders.

58. With respect to Plaintiff's post-deposition discovery requests, the Court's Order dated March 4, 2026 (ECF Doc No. 156) required Defendants to produce responsive documents or submit an affidavit explaining the absence of such materials by March 11, 2026. On that date, Defendants emailed their responses to the requests that had been served on January 30, February 6, and February 13. The responses, however, remained incomplete. Plaintiff had requested several categories of documents, including the handwritten notes observed on the deponent's desk during the deposition, documents concerning the transfer of ownership interests in Sweet Basil Fairfield LLC, documents reflecting distributions

of profits to the individual Defendants, and all lease agreements and related amendments or assignments for the restaurant. Defendants did not produce these materials or provide an affidavit detailing efforts to locate them.

59. In response to these post-deposition requests, Defendants stated only that they did not possess the requested documents. This response is inadequate, particularly with respect to the handwritten notes observed on Defendant Shengchao "Vincent" Weng's desk during his deposition, which are plainly within Defendants' possession and control. Defendants also failed to provide an affidavit detailing their efforts to locate the remaining categories of documents, as required by the Court's Order.dated March 4, 2026 (ECF Doc No. 156). As a result, Defendants' responses remain deficient and do not satisfy their obligations under the Court's directive.

60. As of the date of this filing, the obligations set forth in the Court's prior orders remain outstanding. Despite the Court's Order dated December 9, 2025 (ECF Doc. No. 129) requiring Defendants to provide a complete name list by January 5, 2026, and the Court's subsequent directives at the March 4, 2026 discovery conference, Defendants still have not produced a complete and accurate employee name list, including information for individuals employed prior to April 12, 2022. In addition, as required by the Court's Order  dated March 20, 2026 (ECF Doc. No. 167), Defendants have not produced documents responsive to Plaintiff's post-deposition Requests for Production Nos. 1, 2, 3, and 5, nor have they submitted the supplemental affidavit detailing their efforts to locate those materials or explaining what steps were taken to obtain records from prior management. These

deficiencies remain unresolved.

61. Plaintiff has been diligent in attempting to resolve this matter through their numerous attempts at communication, despite the defendant's lack of response.

62. For the reasons set forth above and those set forth in the accompanying Memorandum of law, Plaintiffs respectfully request that this Court enter an Order granting Order to compel document production and sanctions against Defendants with a daily monetary sanction until such time as the Defendants are brought into compliance with respect outstanding documents.

Dated: Flushing, New York
March 25, 2026

Respectfully submitted,

TROY LAW, PLLC
*Attorneys for Plaintiff and proposed collective action members*

By: */s/ John Troy*
John Troy